THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                                              CRIMINAL NO. 2:20-cr-16-KS-MTP

DAVID "JASON" RUTLAND

**AGREED PRELIMINARY ORDER OF FORFEITURE**

Pursuant to a separate Plea Agreement and Plea Supplement between the Defendant, **DAVID "JASON" RUTLAND** (hereinafter the "Defendant"), by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter the "Government"), the parties agree that the following findings are correct and stipulate to the adjudications made herein. Accordingly, the Court finds as follows:

1. Pursuant to a written plea agreement, the Defendant has pleaded guilty to Count 2 of the indictment, which charges him with engaging in a conspiracy to defraud the United States and solicit, receive, offer, and pay illegal kickbacks, in violation of 18 U.S.C. § 371. The Court has now found the Defendant guilty of that offense.

2. As a part of his plea agreement, the Defendant has stipulated to the immediate entry of a Preliminary Order of Forfeiture, under 18 U.S.C. § 982(a)(7) and Federal Rule of Criminal Procedure 32.2(b)(2), against him imposing a forfeiture money judgment in the amount of $13,292,323.86, a sum that the parties agree—and the Court hereby finds—equals the amount of the gross proceeds that the Defendant personally obtained, directly or indirectly, a result of the conspiracy to defraud the United States and solicit, receive, offer, and pay illegal kickbacks, as charged in Count 2 of the indictment, to which the Defendant has pleaded guilty. *See* Plea Supplement, ¶ 11(a).

3. As a part of his plea agreement, the Defendant has further stipulated to the immediate

1

entry of a Preliminary Order of Forfeiture, under 18 U.S.C. § 982(a)(7) and Federal Rule of Criminal Procedure 32.2(b)(2), preliminarily forfeiting following assets (hereinafter the "**Subject Property**"), except as otherwise provided as to Assets A2 and C1 below:

| Criminal Forfeiture Identifier | Identifier from parallel Civil Case *United States v. Real Property Located at 19 Crane Park*, 2:18-cv-165-KS-MTP | Asset Description |
|---|---|---|
| A1 | A-001 | $1,001,417.67 seized from Bancorp South Bank account number 60513983, an account in the name of World Health Industries Inc. (16-DCI-000076) |
| A2 | A-006 | $242,222.91 seized from Bancorp account number 75627430, an account in the name of David Jason Rutland. (16-DCI-000078) |
| A3 | A-007 | $31,534.15 seized from Bancorp account number 75140665, an account in the name of Rutland Company, LLC. (16-DCI-000079) |
| A4 | A-015 | $727.06 seized from Bancorp account number 75887760, an account in the name of World Health Holding Company, Inc. (16-DCI-000077) |
| B4 | B-009 | Approximately $25,638.93 is currently being held in the USDOJ Seized Asset Deposits Fund that represents the net proceeds of the 2014 Land Rover, VIN SALWR2EF3EA336714, Tag MS HSC678, with all attachments thereon, registered to World Health Industries, Inc. (16-FBI-001304) |
| B6 | B-013 | Approximately $20,054.28 currently being held in the USDOJ Seized Asset Deposits Fund that represents the net proceeds of the 2015 Mercedes Benz GL, VIN 4JGDF2EE3FA577183, Tag MS HYQ545, with all attachments thereon, registered to Morgan Hollingsworth. (16-FBI-001305) |
| B7 | B-014 | Approximately $28,368.34 currently being held in the USDOJ Seized Asset Deposits Fund that represents the net proceeds of the 2016 Dodge Ram 5500, VIN 3C7WRNFL5GG179742, with all attachments thereon, registered to The Rutland Company, LLC. (16-FBI-001383) |

| | | |
|---|---|---|
| B10 | N/A | A three-carat diamond purchased by Jason Rutland on or about July 13, 2015 for $34,500 and bearing the inscription GIA 2165688215. |
| C1 | C-001 | 2278 Martin Road, Bolton, Mississippi, Hinds County, (296.31 Acres) including parcels 4967-545, 4967-545-1, 4967-546, 4967-546-3, 4967-546-4, 4967-546-5 & 4967-547-2, titled to the Rutland Family Trust. (17-DCI-000086) |

*See* Plea Supplement, ¶ 11(b). The Defendant has further stipulated that the above assets, except as otherwise provided as to Assets A2 and C1, constitute or were derived, directly or indirectly, from gross proceeds traceable to his involvement in the conspiracy to defraud the United States and solicit, receive, offer, and pay illegal kickbacks charged in Count 2 of the indictment, and to which he has pleaded guilty. The Defendant stipulates and agrees that the conspiracy to defraud the United States and solicit, receive, offer, and pay illegal kickbacks, charged in Count 2 of the indictment, was integral to the successful operation of the overall health care fraud conspiracy charged in Count 1 of the indictment and therefore that the Defendant would not have obtained above-referenced seized funds and property items "but for" the offense of conviction charged in Count 2 of the indictment. The Defendant has therefore stipulated—and the Court hereby finds— that the above assets, in their entirety, except as otherwise provided as to Assets A2 and C1, are subject to forfeiture under 18 U.S.C. §§ 982(a)(7). *See* Plea Supplement, ¶ 11(b) & (c).

4. As to Asset A2—the $242,222.91 in funds seized from Bancorp account number 75627430, an account in the name of David Jason Rutland—the parties have stipulated that $163,226.84 of the $242,222.91 in funds constitute or were derived, directly or indirectly, from the Defendant's conspiracy to defraud the United States and solicit, receive, offer, and pay illegal kickbacks, charged in Count 2 of the indictment. The parties have further stipulated that the remaining $78,996.07 of the funds in Asset A2 constitute clean money that Defendant obtained from a legitimate source and that are therefore not proceeds. The parties have stipulated that the

3

Defendant has a one-half interest in the $78,996.07 in clean money in Asset A2 and the Defendant represents that his wife has a one-half interest in the $78,996.07.

5. Accordingly, as to Asset A2, the Defendant has agreed to the immediate entry of a preliminary order of forfeiture preliminarily forfeiting the entirety of the $163,226.84 in funds in Asset A2 to the United States as directly forfeitable and preliminarily forfeiting the remaining $78,996.07 as a substitute asset. *See* Plea Supplement, ¶ 11(d).[1]

6. As to Asset C1—the real property located at 2278 Martin Road, Bolton, Mississippi, Hinds County, (296.31 Acres), including parcels 4967-545, 4967-545-1, 4967-546, 4967-546-3, 4967-546-4, 4967-546-5 & 4967-547-2, titled to the Rutland Family Trust—the parties have stipulated and agreed that portions of the equity of that property are traceable to clean funds, as follows: (a) between in or about January 2016 and June 2021, the Defendant made monthly mortgage payments toward the mortgage loan secured by Asset C1, which totaled $209,707.24 and which were funded substantially entirely by clean money from a legitimate source; (b) the Defendant made improvements to Asset C1 using a total of $81,300.00 in clean money from a legitimate source; and (c) the Defendant's parents, A.R. and W.R., made improvements to Asset C1 using a total of $28,103.52 in clean money from a legitimate source, so that (d) the portion of the equity in real property Asset C1 that shall be deemed traceable to clean funds shall equal the sum of the above three figures, $319,110.76. *See* Plea Supplement, ¶ 11(e).

7. As to Asset C1, the parties have further stipulated that: (a) the Defendant shall not be entitled to any appreciation arguably attributable to any portion of those sums; (b) all but

---

[1] However, if, after the preliminary order of forfeiture is entered, the Defendant's spouse files a timely and valid third-party claim under 21 U.S.C. § 853(n) as to $39,498.04 in funds in Asset A2, representing her presumed one-half share of the $78,996.07 in clean marital-asset money in Asset A2, and if there are no other valid and timely third-party claims from one or more claimants who demonstrate a superior interest as to those funds, then the United States has represented that, based upon the facts presently known to it, the United States intends to recognize the Defendant's spouse's interest in the $39,498.04 in funds in Asset A2. *See* Plea Supplement, ¶ 11(d).

$319,110.76 of the equity in Asset C1 is subject to direct forfeiture as traceable to proceeds of the offense of conviction; and (c) the portion of the clean-money equity in Asset C1 in which Defendant has a property interest—which the parties stipulate to be a one-half share of the $209,707.24 in clean marital-asset money that the Defendant used to pay down the mortgage for Asset C1 and a one-half share of the $81,300.00 in improvements to Asset C1 using clean money—is subject to forfeiture as a substitute asset. *See* Plea Supplement, ¶ 11(e).

8. Accordingly, as to asset C1, the Defendant has agreed to the immediate entry of a preliminary order of forfeiture preliminarily forfeiting: (a) all but $319,110.76 of the equity in Asset C1 to the United States as directly forfeitable and (b) the remaining $319,110.76 in equity in Asset C1 as a substitute asset. *See* Plea Supplement, ¶ 11(e).[2]

Upon consideration of the parties' stipulations of fact and stipulations to the entry of a preliminary order of forfeiture under Rule 32.2 of the Federal Rules of Criminal Procedure having the above-described terms,

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

a. The Court hereby imposes against the Defendant a money judgment of forfeiture in the amount of $13,292,323.86.

---

[2] However, if, after the preliminary order of forfeiture is entered, the Defendant's spouse files a timely and valid third-party claim under 21 U.S.C. § 853(n) as to (a) the $104,853.62 in equity in Asset C1, representing her presumed one-half share of the $209,707.24 in clean marital-asset money that the Defendant used to pay down the mortgage for Asset C1, and (b) the $40,650.00 in equity in Asset C1, representing her presumed one-half share of the $81,300.00 in clean marital-asset money in equity in Asset C1, and if there are no other valid and timely third-party claims from one or more claimants who demonstrate a superior interest as to either or both of those portions of the equity in Asset C1, then the United States has represented that, based upon the facts presently known to it, the United States intends to recognize the Defendant's spouse's interest in those $104,853.62 and $40,650.00 portions of the equity in Asset C1. Likewise, if the Defendant's parents A.R. and W.R. file a timely and valid third-party claim under 21 U.S.C. § 853(n) as to the $28,103.52 in clean money from a legitimate source that they used to improve Asset C1, and if there are no other valid and timely third-party claims from one or more claimants who demonstrate a superior interest as to that portion of the equity in Asset C1, then the United States has represented that, based upon the facts presently known to it, the United States intends to recognize the Defendant's parents A.R. and W.R. interest in the $28,103.52 in equity in Asset C1.

b.  The Court hereby preliminarily forfeits to the United States, as directly forfeitable under 18 U.S.C. § 982(a)(7), all right, title, and interest in the following **Subject Property items:**

1. Asset A1—$1,001,417.67 seized from Bancorp South Bank account number 60513983, an account in the name of World Health Industries Inc. (16-DCI-000076);

2. Asset A3—$31,534.15 seized from Bancorp account number 75140665, an account in the name of Rutland Company, LLC (16-DCI-000079);

3. Asset A4—$727.06 seized from Bancorp account number 75887760, an account in the name of World Health Holding Company, Inc. (16-DCI-000077);

4. Asset B4—Approximately $25,638.93 currently being held in the USDOJ Seized Asset Deposits Fund that represents the net proceeds of the 2014 Land Rover, VIN SALWR2EF3EA336714, Tag MS HSC678, with all attachments thereon, registered to World Health Industries, Inc. (16-FBI-001304);

5. Asset B6—Approximately $20,054.28 currently being held in the USDOJ Seized Asset Deposits Fund that represents the net proceeds of the 2015 Mercedes Benz GL, VIN 4JGDF2EE3FA577183, Tag MS HYQ545, with all attachments thereon, registered to Morgan Hollingsworth (16-FBI-001305);

6. Asset B7—Approximately $28,368.34 currently being held in the USDOJ Seized Asset Deposits Fund that represents the net proceeds of the 2016 Dodge Ram 5500, VIN 3C7WRNFL5GG179742, with all attachments thereon, registered to The Rutland Company, LLC. (16-FBI-001383);

      7. Asset B10—One three-carat diamond purchased by Jason Rutland on or about July 13, 2015 for $34,500 and bearing the inscription GIA 2165688215.

c. The Court hereby preliminarily forfeits to the United States, as directly forfeitable under 18 U.S.C. § 982(a)(7), all right, title, and interest in the indicated portions of the following **Subject Property items:**

      1. A portion of Asset A2—namely, $163,226.84 of the $242,222.91 seized from Bancorp account number 75627430, an account in the name of David Jason Rutland (16-DCI-000078); and

      2. A portion of Asset C1—namely, all right, title, and interest in the real property located at 2278 Martin Road, Bolton, Mississippi, Hinds County, (296.31 Acres) including parcels 4967-545, 4967-545-1, 4967-546, 4967-546-3, 4967-546-4, 4967-546-5 & 4967-547-2, titled to the Rutland Family Trust (17-DCI-000086) (collectively, the "2278 Martin Road Real Property"), except for $319,110.76 of the equity in Asset C1.

d. The Court hereby preliminarily forfeits to the United States, as substitute assets, under 21 U.S.C. § 853(p), 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), in partial satisfaction of the money judgment entered against Defendant, all right, title, and interest in the indicated portions of the following **Subject Property items:**

      1. A portion of Asset A2—namely, the remaining $78,996.07 of the $242,222.91 seized from Bancorp account number 75627430, an account in the name of David Jason Rutland (16-DCI-000078); and

      2. A portion of Asset C1—namely, the remaining $319,110.76 in equity in Asset C1, the 2278 Martin Road Real Property.

e. The United States Marshals Service or its duly authorized representative shall

promptly seize all of the above-identified amounts of seized funds and personal property items, including the three-carat diamond bearing the inscription GIA 2165688215.

f. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to direct forfeiture or as substitute assets.

g. Under Title 21, United States Code, Section 853(n)(1), the United States shall publish notice of this order and of its intent to dispose of the above-referenced property items according to law.

h. The United States shall also, to the extent practicable, provide written notice to any person the United States knows to have an alleged interest in the subject property.

i. Any person who asserts a legal interest in the subject property, other than the Defendant, may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

j. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

k. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature

       and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

l.    The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c) for the filing of third-party petitions.

m.    The Court further dismisses the following items from the forfeiture notice of the Indictment: B-015, a 2014 Chevrolet Silverado 3500, VIN 1GB4CZC83EF173325, Tag MS B103AQ274, with all attachments thereon, registered to World Health Construction Management Group.

n. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 5th day of August 2021.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

DARREN J. LAMARCA
Acting United States Attorney

_____        August 5, 2021
Kathryn Van Buskirk                              Date
Assistant United States Attorney

_____        08/4/2021
Emily Cohen                                           Date
Alejandra Arias
Trial Attorneys
United States Department of Justice
Money Laundering and Asset Recovery Section,
Criminal Division

_____        8/2/21
David "Jason" Rutland                             Date
Defendant

_____        8/4/2021
Graham P. Carner                                  Date
Attorney for Defendant

10